```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


SUSAN STODDARD,                  )
        Plaintiff,               )
                                 )  Civ. Action No. 20-10531-PBS
        v.                       )
                                 )
THOMAS BAETA, ET AL.,            )
        Defendants.              )
```

### MEMORANDUM AND ORDER

May 26, 2020

SARIS, D.J.

For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction.

### BACKGROUND

On March 17, 2020, Susan Stoddard ("Stoddard"), a resident of Marlboro, Massachusetts, initiated this pro se action complaining of harassment ("prank calls").  The complaint names three defendants, two of whom reside in Massachusetts and the third in Rhode Island.

Stoddard seeks to have this Court dissolve a restraining order and issue a subpoena for her telephone records so that she can pursue a harassment claim against the defendants.  Stoddard explains that she is "under a restraining order" and that she has not seen "[defendant] Beata since last July."  Stoddard states that she "is getting phone calls from an unidentified no

caller ID." She seeks a "subpoena" for her "phone records" and asks the Court to "dismiss [the] restraining order."

With the complaint, Stoddard filed a motion (#2) for leave to proceed in forma pauperis and a motion (#3) seeking to "dispose" of the restraining order.

## SCREENING OF THE COMPLAINT

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Federal district courts may exercise jurisdiction over civil actions arising under federal law, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Consequently, a plaintiff who seeks to bring her suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Here, federal question jurisdiction does not exist under Section 1331 because Stoddard has not identified a cause of action under federal law. Moreover, the Rooker-Feldman

2

doctrine, which generally prevents the lower federal courts from directly reviewing state court decisions, applies to this matter.  The Rooker-Feldman doctrine serves as a jurisdictional bar to a federal district court's review of a state court judgment.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The doctrine precludes courts from exercising subject-matter jurisdiction "where the issues presented in the case are 'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error."  Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003).  Any attack on the restraining order must be filed in state court.

Additionally, diversity jurisdiction does not exist under Section 1332 because there is not complete diversity among the parties.  The citizenship of each plaintiff must be shown to be diverse from that of each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Am. Fiber & Fin., Inc. v. Tyco Healthcare Group, L.P., 362 F.3d 136, 139 (1st Cir. 2004).  Here, the citizenship of plaintiff and two of the defendants are not diverse because they are each alleged to reside in Massachusetts.

In reviewing Stoddard's complaint, the Court liberally construes the allegations because she is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal sua sponte is appropriate.  Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted).  Given the nature of the identified jurisdictional deficiencies, amendment would be futile.  In light of the above, this action will be dismissed

## ORDER

Based on the foregoing, it is hereby Ordered that this action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.  In view of the dismissal of this action for lack of subject matter jurisdiction, no action is taken on plaintiff's pending motions.

SO ORDERED.

                                          /s/ Patti B. Saris
                                          PATTI B. SARIS
                                          UNITED STATES DISTRICT JUDGE